

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

JONATHAN M. EARNHART, #10915-078 §

VS. § CIVIL ACTION NO. 4:09cv145
§ CRIMINAL ACTION NO.4:07cr75(2)

UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the lawsuit.

Background

On July 10, 2008, after a plea of guilty and pursuant to a plea agreement, Movant was sentenced to 48 months of imprisonment for a conviction of conspiracy to transport stolen goods and operating a chop shop, in violation of 18 U.S.C. §§ 371, 2322, respectively. He was also ordered to three years supervised release and $518,691.94 in restitution. He did not file a direct appeal.

On March 23, 2009, Movant filed the present motion. In his motion, Movant asserted that he is entitled to relief because (1) the Court's order to pay restitution is outside the scope of the plea

agreement, (2) the Court's order of supervised release and added stipulations, credit lines, and gambling prohibitions, are outside of the scope of the plea agreement, and (3) he was denied effective assistance of counsel when his trial counsel failed to object to the imposition of restitution and supervised release. The Government filed a Response, asserting that Movant's plea agreement waiver bars him from relief and that the issues presented in the motion lack merit.

## Plea Agreement Waiver

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement; and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

Claims 1 and 2 - Punishment Outside the Scope of the Plea Agreement

In the instant case, Movant claims that (1) the Court's order to pay restitution is outside the scope of the plea agreement, and (2) the Court's order of supervised release and added stipulations, credit lines, and gambling prohibitions, are outside of the scope of the plea agreement. However, Movant has failed to show that the Court was in error.

Restitution is mandatory under 18 U.S.C. § 3663. Although restitution was not included in the plea agreement, Movant pleaded guilty to operating a chop shop, which constitutes an "offense against property," requiring mandatory restitution pursuant to 18 U.S.C. § 3663A( c)(1)(A)(ii). Additionally, although specifics concerning supervised release were not included in the plea agreement, according to Sentencing Guideline § 5D1.1, the Court has discretion to order supervised release "when a sentence of imprisonment of more than one year is imposed." In this case, the

Court advised Movant that he could face restitution at his plea hearing and the plea agreement stated that he could face a term of three years supervised relief. Furthermore, the Court reviewed the minimum and maximum penalties at the plea hearing with Movant, including the fact that he could face a term of supervised release and be ordered to pay restitution. Movant has failed to show error.

Moreover, these issues could have been raised on direct appeal, but were not. Unconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Here, Movant could have raised these issues on direct appeal as the record was fully developed, but chose not to do so. Thus, he is procedurally barred from asserting these issues in the instant motion. *Id*.

Claim 3 - Ineffective Assistance of Counsel

In his third issue – that he was denied effective assistance of counsel when his trial counsel failed to object to the imposition of restitution and supervised release – Movant presents an issue not preserved for review. An issue of ineffective assistance of counsel would be considered in light of Movant's plea agreement waiver only if it affected the validity of the waiver itself. Movant has not alleged or shown that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). He simply contends that his counsel was ineffective for failing to object to what he believed was a breach of the plea agreement. If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea agreement must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

## Conclusion

In sum, Movant has not shown that the Court imposed a sentence that is not in accordance with the terms of his plea agreement. He also failed to raise his first two issues on direct appeal; thus, they are likewise barred in the instant motion. *Towe*, 26 F.3d at 616. Finally, Movant has neither alleged nor shown ineffective assistance of counsel that affects the validity of the plea agreement. Accordingly, this motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 29th day of November, 2011.**

                                                              _____
                                                              DON D. BUSH
                                                              UNITED STATES MAGISTRATE JUDGE